UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VARRELL MITCHELL, SR.,

                         Petitioner,

v.                                                            9:05-CV-0710
                                                           (GTS/GJD)

ISRAEL RIVERA, Superintendent,
Coxsackie Correctional Facility,

                         Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

VARRELL MITCHELL, SR., 03-A-4497
  Petitioner, *Pro Se*
Livingston Correctional Facility
P.O. Box 49
Route 36, Sonyea Road
Sonyea, NY 14556

HON. ANDREW M. CUOMO                     ASHLYN H. DANNELLY, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

      Varrell Mitchell, Sr. ("Petitioner") brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)[1]  By Report-Recommendation dated June 5, 2009, the Honorable Gustave J. DiBianco, United States Magistrate Judge, recommended that the

---

[1] On December 17, 2007, the Court granted Petitioner's motion to amend his petition.  (Dkt. No. 25.)  As a result, before the Court is the Amended Petition, which supercedes the original Petition in its entirety.

Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 28.) Petitioner timely filed his Objections to the Report-Recommendation on June 16, 2009. (Dkt. No. 30.)[2] For the reasons discussed below, Magistrate Judge DiBianco's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's Petition is denied and dismissed in its entirety.

I.     APPLICABLE LEGAL STANDARDS

   A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir.

---

[2] On June 30, 2009, Petitioner also filed a Supplemental Objection. (Dkt. No. 31.) Although untimely, the Court has already indicated in a Text Order that it will accept the Supplemental Objection out of special solicitude to Petitioner.

[3] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

1999).[4]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

      **B.**    **Standard Governing Review of Petitioner's Habeas Petition**

Magistrate Judge DiBianco correctly recited the legal standard governing review of Petitioner's habeas petition.  (Dkt. No. 28, at 12-23.)  As a result, this standard is incorporated by reference in this Decision and Order.

**II.**    **DISCUSSION**

For the sake of brevity, the Court will not repeat the factual background of Petitioner's June 2003 conviction for Second Degree Assault, First Degree Reckless Endangerment, and Endangering the Welfare of a Child, because Petitioner's Petition does not pertain to the merits of his conviction.  Instead, Petitioner's Petition raises a Speedy Trial claim, whereby Petitioner asserts that his right to a speedy appeal from his June 2003 conviction has been denied.  (*See* Dkt. No. 28.)

More specifically, Petitioner raises four claims in support of his request for habeas relief.[5]

---

[4]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

[5]    These claims are discussed in Magistrate Judge DiBianco's Report-Recommendation.  (Dkt. No. 28, at 1-13 [Rep.-Rec.].).  Essentially, Petitioner claims that, because of delays in the delivery of trial transcripts, the remainder of his criminal file, and appellee's delays in responding to Petitioner's briefs, he was denied the right to a speedy appeal of his conviction.  (*See* Dkt. No. 28.)

In his Report-Recommendation, Magistrate Judge DiBianco recommends that the Court deny each of these four claims. (*Id*. at 12-23.) In his Objections to Magistrate Judge DiBianco's Report-Recommendation, Petitioner argues that Magistrate Judge DiBianco improperly "decided the issues on the merits without a full and complete record." (Dkt. No. 30.) Petitioner argues that, if Judge DiBianco had the entire record before him, he would not have ruled that Petitioner was responsible for the almost four-year delay in Petitioner perfecting his appeal of his conviction. (*Id*.)[6]

For the sake of brevity, the Court will assume that Petitioner has made sufficiently specific objections to each of the recommendations in Magistrate Judge DiBianco's Report-Recommendation, and will therefore subject that Report-Recommendation to a *de novo* review.

After carefully reviewing all of the papers in this action, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge DiBianco, and rejects each of Plaintiff's Objections thereto. (Dkt. Nos. 28, 30, 31.) Magistrate Judge DiBianco employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 28, at 12-23.) As a result, the Court accepts and adopts Magistrate Judge DiBianco's Report-Recommendation in its entirety for the reasons stated therein. The Court would add only two points.

First, as indicated in footnote 3 of this Decision and Order, a district court need not consider evidence introduced for the first time in a party's objections to a Magistrate Judge's

---

[6] In his Report-Recommendation, Judge DiBianco found that "since petitioner's attempt to perfect his appeal in November 2005, the responsibility for the delay rests squarely on petitioner." (Dkt. No. 28, at 19.)

Report-Recommendation.  Therefore, to the extent that Petitioner attempts to introduce new evidence in his Objections (in the form of explanations about evidence that Magistrate Judge DiBianco found to be unavailable), the Court declines to consider such evidence because the information was clearly available to Petitioner prior to the time that Respondent filed its Supplemental Memorandum of Law in Opposition to Petitioner's Amended Petition.

Second, even if the Court were to consider such new evidence, the Court's ultimate conclusions would not change.  This is because, contrary to Petitioner's assertions, he has yet to perfect his appeal.  Petitioner acknowledges that his "initial pleadings [provided to the Appellate Court in November 2005] were defective[.]"  (Dkt. 31.)  He argues that "those defects were cured on December 28, 2005."  (*Id.*)  However, this argument is unpersuasive.

On or around November 2, 2005, Petitioner submitted an Appendix to his appeal brief to Respondents.  (Dkt. No. 22.)  According to Petitioner, Appellees failed to respond in any way to this Appendix within the required ten-day time frame.  (Dkt. No. 22.)  On or around November 14, 2005, Petitioner filed his appeal brief with the Appellate Division.  (Dkt. No. 22.)  On December 19, 2005, Petitioner's brief was rejected by the Appellate Division "due to an inadequate appendix."  (Dkt. No. 22.)  In response, on December 28, 2005, Petitioner submitted an Amended Brief to the Appellate Division.  (Dkt. No. 28.)  In filing this Amended Brief, Petitioner informed the Appellate Division that "Appellant 'is not' using the appendix method, and has therefore deleted all references to the letter 'A.'"  (Dkt. No. 30.)  Petitioner claims that his Amended Brief was accepted for filing, and that Appellees failed to respond to this brief by the deadline of February 6, 2007.  (Dkt. No. 22.)  However, as explained by the District Attorney's office in their letter to Petitioner dated March 15, 2006, Appellees did not consent to Petitioner's proposed Appendix because it included records of court proceedings unrelated to the

5

appeal. (Dkt. No. 26.) In addition, as explained by Magistrate Judge DiBianco in his Report-Recommendation, "[t]he fact that the Appellate Division has found it unnecessary to take any further action after Petitioner's attempt to perfect the appeal and settle the record [on December 28, 2005] is indicative of the lack of a properly perfected appeal." (Dkt. No. 28, at 20.)[7]

Because is it Petitioner's responsibility to perfect his appeal and settle the record in any appeal, it cannot be said that Appellees' refusal to respond to a brief that has not been accepted by the Appellate Division amounts to anyone other than Petitioner being responsible for the delay in the Appellate Division's consideration of Petitioner's appeal.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 28) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Amended Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED;** and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: September 1, 2009
      Syracuse, New York

                              Hon. Glenn T. Suddaby
                              U.S. District Judge

---

[7] *See E.P. Reynolds, Inc. v. Nager Elec. Co.*, 17 N.Y.2d 51, 54 (N.Y. 1966) (noting that the "Appellate Division . . . is not required to determine an appeal with the aid of an appendix which it considers inadequate.").